UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cr-21 |
| TAQUAN CLARKE, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Sever [DE 232] filed by the defendant, Taquan Clarke, on March 20, 2019. For the following reasons, the motion is **DENIED.**

*Background*

The defendant, Taquan Clarke, is charged in Count 1 of the Indictment with conspiracy to distribute and possess with intent to distribute crack cocaine and heroin, in violation of 21 U.S.C. § 846. Additionally, he is charged in Count 19 with knowingly and intentionally killing Kevin Hood while engaged in the conspiracy. Clarke is eligible for the death penalty if he is convicted of Count 19.

At a status conference on September 12, 2018, the court reaffirmed that this matter is a complex case, and ordered, without objection, the defendants' rights under the Speedy Trial Act waived until the trial date. Clarke and his three other codefendants, Teddia Caldwell, Devonte Hodge, and Devontae Martin, were scheduled to meet with the Capital Review Unit of the Department of Justice on March 11, 2019. The Department of Justice determines whether to seek the death penalty against any of the four defendants. Clarke's counsel is entitled to make a presentation at this meeting to explain why the Government should not seek the death penalty for

his client.  The Government provided the defendants additional discovery on February 12, 2019.  Therefore, due to the lack of time to review the discovery, the parties agreed to postpone the meeting until June 10, 2019, the date of the scheduled jury trial.  Counsel for Clarke has indicated that he agreed to reschedule the capital case review, but he did not realize that the agreement would result in a continuance of the trial date.

Clarke has requested that the court sever his case from the other codefendants because of his Sixth Amendment Speedy Trial rights.  The Government filed a response in opposition on March 22, 2019.  Clarke did not file a reply.

*Discussion*

**Federal Rule of Criminal Procedure 14(a)** recognizes that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice the defendant or the government, the court may . . . sever the defendants' trials."  The Supreme Court has held that, although the issue is committed to the sound discretion of the trial court, severance is generally appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  ***Zafiro v.United States***, 506 U.S. 534, 539 (1993).

Clarke has requested that the court sever his case from the other codefendants and permit him to go to trial on June 10, 2019.  However, as indicated by the Government, that is the same day that Clarke and his codefendants, as well as the prosecutors handling this case, are scheduled to meet in Washington D.C. to determine whether the Government will seek the death penalty.  Additionally, severing Clarke from his codefendants, Teddia Caldwell and Devontae Martin, who are charged with the same murder would be contrary to the principles of  judicial economy.

Moreover, Clarke has argued that failing to grant his motion and continuing the trial severely prejudices his rights to a speedy trial. Clarke cites the four-point test found in ***Barker v. Wingo,*** 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) to determine whether a defendant's sixth amendment constitutional right to a speedy trial has been violated. The four-part test included balancing such factors as length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Clarke has failed to make out a case for a sixth amendment violation or that he should be severed from his codefendants.

Clarke asserts that he was indicted on February 22, 2018 and that he has remained in custody since that time. Thus, while the length of the delay in this case may have been over one-year, June 10, 2019 is the first trial date set. The delay was attributed to the meeting before the Capital Review Unit of the Department of Justice being postponed. Also, Clarke has not objected to any continuances or any time being waived under the Speedy Trial Act. Finally, Clarke has not pointed to any prejudice that appears to have resulted from the delay.

Based on the foregoing reasons, the Motion to Sever [DE 232] is **DENIED.**

ENTERED this 16th day of May, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge