# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 2:18-CR-21-9-TLS |
| TAQUAN CLARKE | |

## OPINION AND ORDER

This matter is before the Court on Defendant Taquan Clarke's Motion to Dismiss [ECF No. 367], filed on September 25, 2019. The Defendant's Motion to Dismiss contends that the charges against him should be dismissed because his right to a speedy trial, as guaranteed by the Sixth Amendment to the United States Constitution and the Speedy Trial Act, has been violated. On September 27, 2019, the Government filed its Motion for Date to Respond to Defendant Taquan Clarke's Motion to Dismiss [ECF No. 374], requesting the Court to give the Government up to October 11, 2019, to file its response brief. The Court granted the Government's motion and ordered the Government to file its response on or before October 11, 2019. [ECF No. 378]. On October 9, 2019, the Government filed its Response to Motion to Dismiss [ECF No. 389].

## BACKGROUND

The instant case arises from a nineteen-count Indictment that was brought against nine co-defendants. The Indictment [ECF No. 1] was filed on February 21, 2018, and alleges charges related to drug trafficking, firearm possession, and murder. The Defendant was charged with one count of conspiring to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and one count of knowingly and intentionally killing another while engaged in an offense punishable under 21 U.S.C. § 841(b)(1)(A), in violation of 21 U.S.C. 848(e)(1)(A). Based on the charges against him, the Defendant—along with three of his co-defendants—was

eligible for the death penalty and was appointed two attorneys. On July 19, 2019, the Government filed its Notice Not to Seek the Death Penalty as to the Defendant. [ECF No. 300]. Even though the death penalty will not be sought, the Defendant has been permitted to retain two court-appointed attorneys due to the complexity of the instant case.

Nearly two years have passed since the initial Indictment was filed. Since that time, a Superseding Indictment was filed, the case was reassigned to a new District Court Judge, three defendants have been severed, the Government has determined it will not seek the death penalty as a punishment for any of the Defendants, there have been 381 docket entries, and the parties have reportedly exchanged hours of recordings and thousands of pages of documents through the discovery process. Trial for the remaining defendants, including Defendant Clarke, has been set for May 11, 2020. [ECF No. 394].

## LEGAL STANDARD AND ANALYSIS

### A. Speedy Trial Act

The Speedy Trial Act principally requires a federal criminal trial to commence within seventy days of the filing of the information or indictment or from a defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). To accommodate the expected differences in criminal cases and the varying valid reasons for longer pretrial periods, the Act excludes delays attributable to certain events and circumstances. *See* 18 U.S.C. § 3161(h).

"[T]he Act excludes from the speedy trial calculation any 'delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *United States v. Parker*, 716 F.3d 999, 1006 (7th Cir. 2013) (quoting 18 U.S.C. § 3161(h)(7)(A)). One factor a court must consider when deciding whether to grant an ends of

justice continuance is the complexity of the case. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). When granting the ends of justice continuance, the record must make "clear the reasons why the court found that the ends of justice warranted the exclusion of time." *Parker*, 716 F.3d at 1006 (quoting *United States v. Vallone*, 698 F.3d 416, 449 (7th Cir. 2012). "In multi-defendant cases, such as the one before us, the seventy-day clock does not start ticking until the last co-defendant has been arraigned." *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) (citing *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986)); *see* 18 U.S.C. § 3161(h)(6). "Moreover, 'under [§ 3161(h)(6)], the excludable delay of one defendant may be ascribed to all codefendants in the same case, absent severance.'" *Baker*, 40 F.3d at 159. (quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991)).

The Court has carefully reviewed the docket in this case and finds no indication in the record that a violation of the Speedy Trial Act has occurred. Specifically, a violation of the Defendant's rights under the Speedy Trial Act is not supported by the record due to the exclusion of all delays caused by the ends of justice continuances granted by the Court during this judicial proceeding.

The Indictment [ECF No. 1] was filed on February 21, 2018. The Defendant's initial appearance occurred on February 23, 2018 [ECF No. 15], and his arraignment occurred on March 12, 2018. [ECF No. 71]. The arraignment of the final defendant charged by the Indictment [ECF No. 1] occurred on March 19, 2019. [ECF No. 80]. During the Defendant's Arraignment [ECF No. 71], the Court found that the ends of justice were best served by granting a continuance due to the volume of discovery and the complex nature of this case. On the record, the Court found that the ends of justice served by granting a continuance outweighed the best interest of the public and the defendant in a speedy trial. Based on these findings, the Court

waived the Defendant's rights under the Speedy Trial Act, from the date of his arraignment until the status conference set for June 13, 2018. The parties agreed with the Court's findings and no objections were made to the waiver.

On June 13, 2018, the Court held a status conference [ECF No. 96] to set deadlines for pretrial motions. At this status conference, the Court again found that the ends of justice were best served by granting a continuance, due to the volume of discovery and the complex nature of this case. On the record, the Court found that the ends of justice served by granting a continuance outweighed the best interest of the public and the defendant in a speedy trial. The Court waived the Defendant's rights under the Speedy Trial Act for a second time, from the date of the June 13, 2018 status conference until November 2, 2018. Once more, the parties agreed with the Court's findings and no objections were made to the waiver.

On September 12, 2018, the Court held another status conference [ECF No. 123]. At this status conference, the Court reaffirmed its prior findings and, for a third time, waived the Defendants' rights under the Speedy Trial Act due to the volume of discovery and in the interest of justice. Specifically, the Court found that the time period between the September 12, 2018 status conference and the trial date should be excluded under the Speedy Trial Act due to the complexity of the case, the number of defendants, and the amount of discovery, and when considering both the public interests and the defendants' interests in a speedy trial. The Court also ruled that the time used to prepare and file pretrial motions would be excluded for calculations made under the Speedy Trial Act. The parties agreed with the Court's ruling, and the Defendant did not raise any objections at this status conference. On the following day, the Court issued an Order [ECF No. 125] setting the trial date for June 10, 2019.

On March 11, 2019, the Defendant and three of his co-defendants were scheduled to meet with the Capital Review Unit of the Department of Justice to determine whether the Department of Justice would seek the death penalty against any of the four defendants. This meeting was eventually rescheduled for June 10, 2019, the same date as trial. This conflict mandated resolution because the meeting and the trial could not occur simultaneously. Furthermore, the trial could not occur prior to this meeting because the result of the meeting would affect the remaining judicial proceedings, including trial strategy and preparation for both parties. On February 27, 2019, Co-Defendant Teddia Caldwell filed his Motion to Continue Jury Trial [ECF No. 223] in order to remedy the scheduling conflict. This motion indicated that it was joined by the counsel of all the death penalty eligible defendants. Mot. Continue Jury Trial ¶ 8, ECF No. 223.

On March 20, 2019, the Defendant filed a Motion to Sever [ECF No. 232]. In his Motion, the Defendant explained that there was a misunderstanding regarding his joinder to Co-Defendant Caldwell's Motion to Continue Jury Trial. Mot. to Sever ¶ 10, ECF No. 232. Specifically, he explained that he did not realize rescheduling the meeting with the Capital Review Unit would result in a continuance of the trial date. *Id.* The Defendant argued that granting a continuance would result in prejudice to the Defendant and asked that the Court sever his case and permit him to go to trial on June 10, 2019. *Id.* at p. 3. The Defendant also argued that, after June 10, 2019, no further delay should be excluded for the purposes of his right to a speedy trial under the Speedy Trial Act. Mem. Supp. Mot. to Sever at 3, ECF No. 232-1. The Court denied the Defendant's Motion to Sever on May 16, 2019. [ECF No. 255]

In its May 16, 2019 Order [ECF No. 256], the Court:

> [f]inding that the ends of justice served by granting [Co-Defendant Caldwell's Motion to Continue Jury Trial] outweigh the best interest of the public and the

> defendants in a speedy trial, particularly where a failure to grant such a continuance would unreasonably deny the defendants the reasonable assistance of counsel and time necessary for effective preparation for trial, and taking into account the exercise of due diligence

granted Co-Defendant Caldwell's motion. May 16, 2019 Order at 2, ECF No. 256. In its Order, the Court held that "[t]he period of delay resulting from [the] continuance is to be excluded under the terms of the Speedy Trial Act and 18 U.S.C. § 3161(h)(7)(A) and 3131(h)(7)(B)(i) and (iv)." *Id.* The Court also reset the trial for October 7, 2019. *Id.*

On September 10, 2019, the Court issued an Opinion and Order [ECF No. 347] that severed Co-Defendants Demetrius Brinkley, Paronica Bonds, and Victor Young from the other defendants. September 10, 2019 Opinion and Order at 4, ECF No. 347. This Opinion and Order also vacated the final pretrial conference and jury trial settings as to the Defendant and Co-Defendants Teddia Caldwell, Devonte Hodge, Devontae Martin. *Id.* On October 15, 2019, the Court held a scheduling conference [ECF No. 394] and set the trial for the Defendant and Co-Defendants Teddia Caldwell, Devonte Hodge, Devontae Martin for May 11, 2020. The Court found

> that considering the complexity of the trial, length of the trial, the trial commitments of the various attorneys, and also considering the defendants' interest and public's interest in a speedy trial, the time period between [October 15, 2019] and the [sic] May 11, 2020, should be excluded under the Speedy Trial Act.

*Id.* At the hearing, the Defendant objected to this finding, which was noted for the record. *Id.*

This timeline sets forth each of the specific ends of justice continuances granted by the Court. Every time the Court granted a continuance, the Court correctly stated on the record the reason why the Court found the ends of justice warranted a continuance. As previously explained, delays caused by continuances made for the ends of justice do not count toward the

6

seventy-day time limit imposed by the Speedy Trial Act; therefore, the Defendant's rights under the Speedy Trial Act have not been violated.[1]

**B.      Sixth Amendment**

The Sixth Amendment contains no formal timetable by which a trial must commence. *See Barker v. Wingo*, 407 U.S. 514, 521 (1972). Indeed, the right cannot be quantified into a specific number of days or months by which a trial must proceed. *See id.* Instead, the court must assess whether a defendant's right to a speedy trial has been violated by considering four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530.

*1.      Length of Delay*

"The first [*Barker*] factor, the length of delay, acts as a triggering mechanism; unless a presumptively prejudicial amount of time elapsed in the district court, it is unnecessary to conduct a searching analysis of all the factors." *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007) (citing *Barker*, 407 U.S. at 530). The Seventh Circuit has repeatedly found that "delays of one year are presumptively prejudicial." *United States v. Saenz*, 623 F.3d 461, 464 (7th Cir. 2010) (citing *Oriedo*, 498 F.3d at 597; *United States v. White*, 443 F.3d 582, 589 (7th Cir. 2006)). In the instant case, twenty months have passed since the Indictment and the Defendant will have waited twenty-six months before his trial. Therefore, the length of time mandates a full analysis under *Barker*. *See, e.g.*, *id.* Although a *Barker* analysis is warranted, the instant case is a large-scale, complex conspiracy case that started with nine co-defendants and a variety of criminal charges. Due to the nature of the instant case, a longer delay will be tolerated

---

[1] Further, the Speedy Trial Act clock was also tolled by the numerous pretrial motions made by the Defendant and his co-defendants. *See* 18 U.S.C. § 3161(h)(1)(H). As the permitted delays caused by continuances alone preclude a Speedy Trial Act violation, analysis regarding the time excludable as a result of these motions is unnecessary.

than would be tolerated for the prosecution of a simple street crime. *See id.* (citing *Barker*, 407 U.S. at 530; *United States v. Koller*, 956 F.2d 1408, 1413 (7th Cir. 1992)). The length of delay, when considering the complexity of the instant case, does not support granting the Defendant's Motion to Dismiss.

*2.     Reason for the Delay*

The second *Barker* factor requires the Court to consider the reason for delay, specifically "whether the government or the criminal defendant is more to blame for [the] delay." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker*, 407 U.S. at 530). Some delays are necessary and inevitable; therefore, different weights are given to different causes of delays. *United States v. Patterson*, 872 F.3d 426, 435 (7th Cir. 2017) (citing *United States v. Hills*, 618 F.3d 619, 629 (7th Cir. 2010)). "Deliberate delays are weighted heavily against the government, while more neutral reasons for delay such as negligence or overcrowded courts are weighted less heavily against the government." *Id.* (citing *Barker*, 407 U.S. at 531).

The Defendant does not contend, nor is there any evidence to suggest, that the Government deliberately caused the delays. Alternatively, the Defendant argues that the Court has acted slowly and without purpose. First, the Defendant argues that the Court took too long to decide whether to sever Co-Defendants Demetrius Brinkley, Paronica Bonds, and Victor Young. Second, the Defendant argues that the Court had no reason to vacate his October 2019 trial date.

Neither of these arguments are persuasive. This Court has diligently worked to address the numerous pretrial motions that have been filed. The Court's ruling on many pretrial motions, including the motions to vacate, depended on whether the death penalty would be sought as punishment for the Defendant and his co-defendants. That determination was not made until July 19, 2019, as to the Defendant and two co-defendants, and not until October 3, 2019, as to Co-

Defendant Caldwell. The Court ruled on each motion to sever shortly after it received the first notice that that the death penalty would not be sought. The Defendant's trial was vacated for the same reason: As of the Court's September 10, 2019 Opinion and Order, which vacated the trial, it had not been determined whether the death penalty would be sought as to Co-Defendant Caldwell.

A review of the record reveals that the delays to the instant case were not caused deliberately by the Government. Indeed, the delays can be attributed to the complexity of the case, the volume of discovery, and the process of determining whether the death penalty would be sought. When considering the cause of the delays, it is clear that they do not support the finding that a Sixth Amendment violation has occurred. *See United States v. Bass*, 460 F.3d 830, 835–38 (6th Cir. 2006) (articulating that delays caused by the complexity of the case and pretrial motions made by the defendants do not weigh against the Government during a *Barker* analysis); *United States v. Casas*, 425 F.3d 23, 33–36 (1st Cir. 2005) (same).

### 3. *The Defendant's Assertion of his Right to a Speedy Trial*

The third *Barker* factor requires the Court to evaluate a defendant's attempts to exert his or her right to a speedy trial. In the instant case, the Defendant first attempted to assert his right to a speedy trial on March 20, 2019, by filing a Motion to Sever [ECF No. 232]. As the Defendant's first assertion of his right to a speedy trial did not occur until after a year of delays, this factor does not weigh in his favor. *See White*, 443 F.3d 590–91.

Furthermore, there have been a number of inconsistencies in the Defendant's assertion of his right to a speedy trial. On several occasions, the Defendant agreed that continuances should be granted and his rights under the Speedy Trial Act should be waived due to the complexity of the instant case. In contrast, his Memorandum in Support of Motion to Sever [ECF No. 232-1]

insists that no additional continuances should granted, purportedly taking the position that the instant case is not complex. Mem. Supp. Mot. to Sever at 2, ECF No. 232-1. However, on July 31, 2019, the Defendant seemingly recanted this position in his Motion to Appoint Counsel, which sought to allow his second attorney to continue to represent him after the Government filed a notice that it would not seek the death penalty against him. [ECF No. 309]. Specifically, the Defendant cited "the complexity of the case, the serious penalties that the defendant faces, the voluminous discovery, the potential length of trial, and [his attorneys'] caseloads" as reasons why he should be appointed additional counsel. Mot. Appointment of Co-Counsel ¶ 11, ECF No. 309. Most recently, the Defendant has once again taken the position that the ends of justice continuances that were granted due to the complexity of the case were improper. Mem. Supp. Mot. Dismiss at 9–11, ECF No. 367-1. The Defendant's inconsistent positions lead this Court to believe that little, if any, weight should be allocated to this *Barker* factor. *See United States v. Taylor*, 196 F.3d 854, 861–62 (7th Cir. 1999).

Considering the Defendant's tardy and inconsistent attempt to exert his right to a speedy trial, the Court concludes that this *Barker* factor does not support a finding that the Defendant's Sixth Amendment rights have been violated.

### 4. *Prejudice the Defendant Suffered Due to the Delay*

The final *Barker* factor requires the Court to determine whether the Defendant has been prejudiced by the delay. This determination "should be assessed in the light of the interests . . . which the speedy trial right was designed to protect," which includes "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. "Of these forms of prejudice, 'the most serious is the last, because the inability of a defendant adequately to prepare

his case skews the fairness of the entire system.'" *Doggett*, 505 U.S. at 654 (quoting *Barker*, 407 U.S. at 532).

The Defendant has made no claim that his ability to adequately prepare his case has been prejudiced. Rather, the Defendant argues that the prejudice stems from being "separated from his children and family for nineteen months while insisting he is innocent of the charges against him" and "by the fact he still has no trial date at this time."[2] Mem. Supp. Mot. Dismiss at 9. The Seventh Circuit has held that "[s]ignificant pretrial incarceration may support a presumption of prejudice, but this prejudice 'unenhanced by tangible impairment of the defense function and unsupported by a [showing on the other factors], does not alone make out a deprivation of the right to [a] speedy trial.'" *Saenz*, 623 F.3d at 465 (quoting *White*, 443 F.3d at 591). The Defendant has been unable to make a sufficient showing on the other *Barker* factors that he has been deprived of his right to a speedy trial; therefore, the Court cannot find that the Defendant has suffered prejudice warranting dismissal of the charges against him.

When considering each of the *Barker* factors, an analysis of the record does not support a finding that the Defendant's Sixth Amendment rights to a speedy trial have been violated.

**CONCLUSION**

For the reasons stated above, Defendant Taquan Clarke's Motion to Dismiss [ECF No. 367] is DENIED.

SO ORDERED on November 8, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] Although a trial date was not set at the time of Defendant's Motion to Dismiss, a date has been set for May 11, 2020. [ECF No. 394].