UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cr-21 |
| ) | |
| TAQUAN CLARKE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on a referral for a Report and Recommendation on the Motion to Suppress [DE 527] filed by the defendant, Taquan Clarke, on September 23, 2020. For the reasons set forth below, it is **RECOMMENDED** that the Motion [DE 527] be **DENIED**.

*Background*

The defendant, Taquan Clarke, is currently charged in a multi-count indictment with participating in a conspiracy to distribute narcotics. On February 23, 2018, federal agents entered Clarke's apartment at 6:00 a.m. to execute the arrest warrant. While in the apartment, agents saw what they believed to be evidence of the narcotics conspiracy. At 9:20 a.m. that same date, agents obtained a federal search warrant authorizing them to search Clarke's apartment. The search warrant required the agents to execute it before March 9, 2018. Agents later returned the search warrant with the required inventory on February 26, 2018.

The warrant authorized agents to seize the following items:

*\*\*\**

> 7. Records of mail and communications services, and telephone pagers, answering machines, telephone paging devices, beepers, car telephones, cellular telephones, electronic organizers, caller identification devices, and other communication devices which evidence participation in organized criminal and drug trafficking activities.

*\*\*\**

> 10. Any computers, cellular telephones, or mobile electronics, video surveillances, DVRs, and the contents therein.

Agents never obtained a second search warrant.

During the search of the apartment, agents recovered a cell phone (Item 1b149) which is the subject of the Motion to Suppress.[1] On March 5, 2018, agents activated the cell phone, but they were not able to download any information because they did not have the password. On April 25, 2018, agents gave the cell phone Indiana State Police in an effort to recover the password. Four days later, the state police were able "break" the password using a forensic tool.

On July 24, 2018, the cellphone was returned to federal agents. Using the password provided by the state police, agents were able to download the information from the cellphone. Clarke now challenges the searches of his cellphone because the agents did not obtain a second search warrant. In particular, he alleges federal agents and the state police searched the cellphone after the original warrant had expired.

*Discussion*

**Federal Rule of Criminal Procedure 41(e)(2)(B)** provides:

> A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

**The Advisory Committee Notes to the 2009 Amendments to Rule 41** provide:

> Computers and other electronic storage media commonly contain such large amounts of information that it is often impractical for law enforcement to review all of the information during execution of the warrant at the search

---

[1] Before obtaining the search warrant, agents answered one incoming call on the cell phone and read a text message. Clarke has not challenged any evidence obtained from those two incidents.

> location. This Rule acknowledges two-step process: officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls within the scope of the warrant.
>
> \*\*\*
>
> In addition to addressing the two-step process inherent in searches for electronically stored information, the Rule limits the [14] day execution period to the actual execution of the warrant and the on-site activity. While consideration was given to a presumptive national or uniform time period within which any subsequent off-site copying or review of the media or electronically stored information would take place, the practical reality is that there is no basis for a "one size fits all" presumptive period. A substantial amount of time can be involved in the forensic imaging and review of the information.

For obvious reasons, the search of a computer or cell phone often cannot be conducted where it has been seized.

In *United States v. Fifer*, 865 F.3d 759, 763 (7th Cir. 2017), federal agents obtained a search warrant for Fifer's apartment after a series of controlled narcotics buys. During the execution of the search warrant, the agents discovered a scantly clad minor female. After securing the apartment, the agents obtained a second search warrant for the computer and other electronic devices seen in the apartment. In rejecting Fifer's challenge to the later search of the electronic devices, the Seventh Circuit stated:

> Fifer's argument rests on a semantic distinction: the warrant identifies the apartment as the place "to be searched," and the electronic devices (and other objects) as the items "to be seized." According to Fifer, this distinction means that the warrant authorized only the seizure, but not the search, of the electronic devices found in the apartment. …
> \*\*\*
> We think it generally makes more sense to read a search warrant's command to seize an electronic device as including a concomitant directive to search that devices digital contents. …
>
> 863 F.3d at 766.

Clarke's argument fares no better.

In his reply brief, Clarke has raised one additional argument. Agents filed an inventory after the original search of the apartment, but they never filed an inventory after downloading the contents of the cell phone. However, any irregularity in a return on the search warrant does not require suppression. **3A CHARLES ALAN WRIGHT & SARAH N. WELLING, FEDERAL PRACTICE AND PROCEDURE § 674 (4TH ED. 2010).**

Based on the foregoing reasons, the court **RECOMMENDS** that the Motion to Suppress [DE 527] be **DENIED.**

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Incorporated*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corporation*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 3rd day of November, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge